

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

July 7, 1939

Honorable O. J. S. Ellingsen
General Manager
Texas Prison System
Huntsville, Texas

Dear Sir:

Opinion No. O-971

Re: Whether complaint may be filed
in Travis County covering an
offense charged for receiving
stolen property from the State
and committed in county other
than Travis County.

Referring to your letter of June 9, and from the facts stated therein, we presume that the offense you have reference to occurred within the limits or vicinity of Houston County, Texas. After stating the circumstances of the arrest of one, W. W. Adams, you present the following query for our opinion:

"Since Mr. W. W. Adams received State property from this convict for the purchase of the whiskey, would it be possible to file a complaint against him in Travis County and dismiss the one in Crockett so that a member of your department could prosecute the case if he is indicted by the Grand Jury of Travis County."

We have been unable to find any authority with reference to state property as would constitute an exception to the rule that a person shall be prosecuted in the county where the offense was committed. The following articles of the Code of Criminal Procedure appear to control the venue of the offense as stated above, without distinction made between state property and that belonging to any individual:

"Art. 190. On the boundary of two counties.

An offense committed on the boundary of any two counties, or within four hundred yards thereof, may be prosecuted and punished in either county."

"Art. 200. Receiving and concealing stolen property. Receiving and concealing stolen property may be prosecuted in the county where the theft was committed, or in any other county through or into which the property may have been carried by the person stealing the same, or in any county where the same may have been received or concealed by the offender."

In view of the above authorities, you are respectfully advised that it is the opinion of this department that a complaint charging one with receiving stolen property belonging to the state, would have to be filed in the county according to the provisions of Article 200, Code of Criminal Procedure, 1925. Travis County would have no jurisdiction of such an offense unless the state's property was stolen in, or was carried through or received or concealed by the offender in said county.

Trusting the above answers your question, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/     Wm. J. R. King
Assistant

WJRK:go:bb

APPROVED JULY 10, 1939
/s/ W. F. Moore
FIRST ASSISTANT ATTORNEY GENERAL

APPROVED OPINION COMMITTEE
By - W.R.K., Chairman